

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of this 7th day of January, 2000, by and between Microsoft Corporation ("Microsoft"), a corporation organized and existing under the laws of the State of Washington, and Caldera, Inc. ("Caldera"), a corporation organized and existing under the laws of the State of Utah.

WHEREAS, by an Asset Purchase Agreement dated July 23, 1996, Caldera acquired from Novell, Inc. ("Novell") all of Novell's "right, title and interest in and to any and all claims or causes of action held by Novell" as of July 23, 1996 "associated directly or indirectly with any of the DOS Products or Related Technology" (as those terms are defined in the Asset Purchase Agreement), including without limitation all such claims formerly held by Digital Research, Inc. (the "Novell Claims"); and

WHEREAS, Caldera also asserts claims, directly or indirectly, against Microsoft arising out of, or related to, Caldera's efforts to develop, market and distribute Caldera DOS and DR DOS; and

WHEREAS, Caldera filed a complaint on July 23, 1996, in the United States District Court for the District of Utah, Civil Action No. 2:96 CV 0645B, which complaint was amended on February 12, 1998 (the "Action"), against Microsoft alleging violations by Microsoft of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2,

Lan12531/263739.1

LT 2288

CONFIDENTIAL                                                                                      NOV00107061

Section 3 of the Clayton Act, 15 U.S.C. § 14, and the common law of the State of Utah; and

WHEREAS, the parties hereto have determined that it is desirable to settle and resolve finally all the Novell Claims and all claims asserted in the Action, or which could have been asserted in the Action, or based on the facts asserted in the Action, on the terms set forth herein;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which all parties acknowledge, it is mutually agreed by and among the parties as follows:

1. Within three business days of the date of this Agreement, Caldera shall file a stipulation dismissing the Action with prejudice and without costs pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

2. This Agreement shall constitute full satisfaction of the Novell Claims and all claims asserted, or that could have been asserted, in the Action by Caldera and each of its parents, subsidiaries and affiliates. Neither the payment described in paragraph 3 below nor anything else in this Agreement constitutes an admission of liability by Microsoft, and Microsoft denies any liability to Caldera.

3. On the fifth business day following the filing of the stipulation to be filed pursuant to paragraph 1 above, Microsoft will pay to Caldera, by wire transfer in accordance with written instructions provided by Caldera, the amount of two hundred eighty million dollars ($280,000,000), as full settlement of all claims or potential claims covered by this Agreement. Caldera agrees to use its good faith best efforts both to

Lan12531/263739.1                                -2-

LT 2289

CONFIDENTIAL                                                                                NOV00107062

maintain as confidential, and to cause its subsidiaries, affiliates and agents, including without limitation its lawyers, to maintain as confidential, the amount paid by Microsoft to Caldera pursuant to this paragraph 3 (the "settlement amount"), and not to disclose the settlement amount to any person other than counsel of record for Caldera in the Action, executive officers and directors of Caldera and Novell, Caldera's shareholders, Caldera's auditors and those Caldera financial personnel necessary to process and record the transactions on the books and records of Caldera. Caldera shall make good faith best efforts to ensure that any person to whom the settlement amount is disclosed shall maintain the confidentiality of that amount, to the greatest extent permissible under law. Such good faith best efforts shall include, but not be limited to, attempting to obtain the written agreement of Novell's officers and directors and Caldera shareholders to keep the settlement amount confidential. Microsoft acknowledges, however, that neither Caldera nor its counsel of record are guarantors of the confidentiality of the settlement amount.

    4.    Within 30 days of the payment of the sum described in paragraph 3, Caldera (i) shall destroy (in a manner reasonably acceptable to Microsoft) all Confidential Discovery Materials (as defined in the Protective Order entered in the Action on March 27, 1997, as thereafter amended (the "Protective Order")) produced to Caldera in discovery in this Action, as well any all material required to be destroyed pursuant to paragraph 22 of the Protective Order ("Paragraph 22 Materials"), all copies thereof and any documents or electronic media containing such materials or containing any Confidential Discovery Material, (ii) shall cause each and every person to whom it has provided Confidential Discovery Materials or Paragraph 22 Materials to destroy (in a

LT 2290

CONFIDENTIAL    NOV00107063

manner acceptable to Microsoft) such material and any documents or electronic media containing such Confidential Discovery Material, and (iii) shall certify to Microsoft that it has fully complied with the requirements of this paragraph; provided, however, that lead outside counsel for Caldera may maintain in his files one copy of each pleading or other paper filed with the Court.

5. Caldera shall not support any effort to unseal any documents filed under seal pursuant to the provisions of the Protective Order.

6. Caldera hereby releases and discharges Microsoft and its subsidiaries and affiliates, and the present or former officers, directors, employees, representatives, agents, trustees or other legal representatives, successors and assigns of each of them, of and from any and all claims, counterclaims, actions, causes of action, suits, rights, debts, obligations, damages, liabilities, and demands that each of them ever had or has, in law or in equity, known or unknown, as of the date of this Agreement, including without limitation any that have been asserted in the Action or that are based on, arise from or otherwise relate directly or indirectly to the facts alleged in the Action, including without limitation the Novell Claims.

7. Microsoft hereby releases and discharges Caldera, Inc. and its sole subsidiary Lineo, Inc. and the present or former officers, directors, employees, representatives, agents, trustees or other legal representatives, successors and assigns of each of them, of and from any and all claims, counterclaims, actions, causes of action, suits, rights, debts, obligations, damages, liabilities, and demands that each of them ever had or has, in law or in equity, known or unknown, as of the date of this Agreement,

Lan12531/263739.1

-4-

LT 2291

CONFIDENTIAL

NOV00107064

including without limitation any that have been asserted in the Action or that are based on, arise from or otherwise relate directly or indirectly to the facts alleged in the Action.

8.  This Agreement is the entire agreement of settlement between the parties relating to the Action and the Novell Claims and supersedes all prior agreements and understandings between the parties, provided however that the Protective Order shall remain in full force and effect as provided therein. Any antecedent or contemporaneous extrinsic representations or warranties made in the negotiation or preparation of this Agreement are intended to be merged into this Agreement and are of no further effect.

9.  Should any person not a party hereto challenge the validity of the terms of this Agreement or of the releases contained herein, the parties hereto shall provide each other with such cooperation or assistance as may be reasonably requested.

10. This Agreement may not be changed, amended, modified, terminated, waived or discharged except in writing by all of the parties hereto.

11. This Agreement can be executed in counterparts which, taken together, shall be effective as if they were a single document.

12. This Agreement shall be governed by the substantive law of the State of Washington, excluding choice of law principles.

13. Each party to this Agreement warrants, represents and acknowledges that it has not relied on any representation of any other party hereto in reaching this Agreement.

14. (a)  Caldera represents and warrants to Microsoft as follows:

Lan12531/263739.1                          -5-

LT 2292

CONFIDENTIAL                                           NOV00107065

(i) that it holds all rights, title and interest in and to the claims being settled and released hereunder;

(ii) that it has the right to settle and to release the claims hereunder without the consent or approval of Novell;

(iii) that no other person or entity has claimed any interest in the rights being pursued by Caldera in this litigation; and

(iv) that the consent of no other person or entity (other than Caldera) is necessary for it to enter into this arrangement, to provide the release hereunder, or to dismiss the action, with prejudice, against Microsoft.

(b) Caldera further represents and warrants that it has not assigned, transferred or otherwise disposed of all or any part of any of the claims, rights, counterclaims, or causes of action asserted in the Action or compromised herein.

(c) Without any limitation whatsoever, Caldera hereby indemnifies Microsoft against any and all liability, costs and expenses, including, without limitation, Microsoft's attorneys' fees, arising out of any claim pursued by Novell, or any assignee of Novell (whether actual or alleged), raising any of the Novell Claims or any claim asserted in the Action or that could have been asserted in the Action.

Lan12531/263739.1

-6-

CONFIDENTIAL

LT 2293

NOV00107066

15. Each individual signing this Agreement warrants and represents that he has full authority and is duly authorized and empowered to execute this Agreement on behalf of the party for which he signs.

16. Each party to this Agreement warrants, represents and acknowledges to the others that this Agreement is a binding obligation of such party; that such party is fully authorized to enter into this Agreement; that such party's entering into this Agreement does not violate any applicable law, regulation or order; and that such party has obtained any and all necessary regulatory approvals, if any, for entering into this Agreement.

17. The parties agree that their public disclosures concerning this Agreement and the resolution and dismissal of this Action, including all communications with the press, will be limited to and consistent with the press release attached hereto as exhibit "A."

18. The stipulation of dismissal described in paragraph 1 shall provide that the United States District Court for the District of Utah (Hon. Dee V. Benson) shall retain jurisdiction solely for the purpose of enforcing the Protective Order and this Agreement.

Lan12531/263739.1                     -7-

LT 2294

CONFIDENTIAL

NOV00107067

IN WITNESS WHEREOF, this Agreement has been fully executed by the undersigned on the date set forth above.

MICROSOFT CORPORATION

By: _____

Thomas W. Burt
Assistant Secretary and
General Counsel - Litigation

CALDERA, INC.

By: _____

Bryan W. Sparks
President and CEO

Lan12531/263739.1                    -8-

LT 2295

CONFIDENTIAL

NOV00107068

STATE OF WASHINGTON)
                    :ss:
COUNTY OF KING      )

On this 7th day of January 2000, before me personally appeared Thomas W. Burt, as a duly authorized officer of Microsoft Corporation, to me known, and by me being duly sworn, did depose and say that he is Assistant Secretary and General Counsel – Litigation of MICROSOFT CORPORATION, and is duly authorized to execute the foregoing AGREEMENT on behalf of MICROSOFT CORPORATION, and that he duly and freely executed the same.

Subscribed and Sworn to this 7th day
Of January, 2000.

*[signature]*

Notary Public, in and for the County of King, residing at Bainbridge Island

Lan12531/263739.1                         -9-

LT 2296

CONFIDENTIAL

NOV00107069

STATE OF WASHINGTON)
                    :ss:
COUNTY OF KING      )

On this 7th day of January 2000, before me personally appeared Bryan W. Sparks, as a duly authorized officer of Caldera, Inc., to me known, and by me being duly sworn, did depose and say that he is President and CEO of CALDERA, INC., and is duly authorized to execute the foregoing AGREEMENT on behalf of CALDERA, INC., and that he duly and freely executed the same.

Subscribed and Sworn to this 7th day Of January, 2000.

_____
Notary Public, in and for the County of King, residing at Bainbridge Island

Lam12531/263739.1                -10-

LT 2297

CONFIDENTIAL                                    NOV00107070

EXHIBIT A

For Immediate Release

## MICROSOFT CORPORATION AND CALDERA, INC. REACH AGREEMENT TO SETTLE ANTITRUST LAWSUIT

Redmond, WA – Microsoft Corporation and Caldera, Inc. announce that the parties have reached a mutually agreeable settlement of an antitrust lawsuit filed by Caldera in July 1996. Both parties have agreed to keep the terms of the settlement confidential.

"We are pleased to put this issue behind us and focus our attention on listening to our customers and on the competition we face in the marketplace," said Bill Gates, Chairman and CEO of Microsoft. "We always have said that we prefer to spend our time innovating rather than litigating, which means focusing on our customers and our products."

"We are pleased with the result of this lawsuit. We now look forward to vigorous competition in the marketplace with our Linux products and strategies both in Caldera Systems, Inc. and Lineo, Inc.," said Bryan Sparks, CEO of Caldera.

Microsoft Corporation

Founded in 1975, Microsoft (Nasdaq "MSFT") is the worldwide leader in software for personal and business computing. The company offers a wide range of products and services designed to empower people through great software - any time, any place and on any device.

Caldera, Inc. [BOILERPLATE to be inserted]

LT 2298

CONFIDENTIAL

NOV00107071